IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01219-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2009

GREGORY C. LANGHAM
CLERK

ERICK R. BAHLE,

Applicant,

v.

RON WILEY, Warden, Federal Prison Camp – Florence,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Erick R. Bahle, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Bahle initiated this action on May 27, 2009, by filing ***pro se*** an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Also on May 27, he filed two documents titled "Notice of Motion for the Court to Take Judicial Notice Pursuant to USCS Federal Rules of Evidence, Rule 201(d), That FPC-Florence Is 'Categorically Denying' Both Pre-Release Inmates More Than 6 Months of Halfway House And Is Also Not Transferring Non Pre-Release Inmates to Halfway Houses" and "Motion to Certify the Class and for the Appointment of Counsel."

In an order filed on June 24, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On July 14, 2009, Respondent filed a preliminary response. On

July 17, 2009, Mr. Bahle filed a document titled "Notice of Opposition & Protest to the Assignment of This Case to a Magistrate Judge and to Judge Zita L. Weinshienk Due to Prejudice and Bias." On July 17, 2009, Respondent filed a response to Mr. Bahle's motion for the court to take judicial notice. On July 21, 2009, Mr. Bahle filed a reply to the preliminary response. On August 3, 2009, Respondent filed a response to Mr. Bahle's notice of opposition and protest to the assignment of this case to a magistrate judge and to the undersigned judge.

The Court must construe liberally Mr. Bahle's filings because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

However, the Court first will address the document titled "Notice of Opposition & Protest to the Assignment of This Case to a Magistrate Judge and to Judge Zita L. Weinshienk Due to Prejudice and Bias," which will be treated as a motion for recusal, and, for the reasons stated below, will be denied.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse him or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. ***See Green v. Branson***, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity

the identifying facts of time, place, persons, occasion, and circumstances." ***Hinman v. Rogers***, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. ***See Glass v. Pfeffer***, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." ***United States v. Burger***, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. ***See Liljeberg v. Health Servs. Acquisition Corp.***, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." ***Glass***, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. ***See United States v. Cooley***, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Bahle's allegation that the Court is biased because the Court dismissed other 28 U.S.C. § 2241 habeas corpus actions is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." ***Liteky v. United States***, 510 U.S. 540, 555 (1994). The Court finds that Mr. Bahle's disagreement with the Court's prior rulings is not a proper basis for recusal. Therefore,

to the extent Mr. Bahle seeks the Court's recusal, the motion to recuse will be denied.

Mr. Bahle first claims that prison officials at the Florence prison camp categorically are denying the review and transfer of eligible inmates to community corrections centers (CCCs) in violation of 18 U.S.C. § 3621(b). According to Mr. Bahle, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. Bahle alleges that he has sought and been denied consideration for a transfer to a CCC.

Mr. Bahle also claims that prison officials at the Florence prison camp categorically are denying eligible pre-release inmates more than six months in a residential re-entry center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Bahle describes a "pre-release inmate" as an inmate with twelve months or less of his or her sentence remaining to be served. Mr. Bahle contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months. In the application, Mr. Bahle identifies himself as a pre-release inmate and asserts that he wants to spend the maximum amount of pre-release time in an RRC.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. ***See Williams v. O'Brien***, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. ***See Woodford v. Ngo***, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Bahle. ***See*** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. ***See*** 28 C.F.R. §§ 542.13 - 542.15.

According to Respondent, Mr. Bahle has not filed any administrative remedy requests during his incarceration. Mr. Bahle asserts in the application that he has not exhausted administrative remedies and he concedes in his reply to the preliminary response that he has not filed any administrative remedy requests. As a result, it is clear that Mr. Bahle has not exhausted administrative remedies.

Mr. Bahle argues that exhaustion of administrative remedies would be futile because the BOP, through official policies and procedures, has predetermined the issues to be raised in the administrative proceedings. Mr. Bahle is correct that the exhaustion requirement may be waived if exhaustion would be futile. ***See Fraley v. U.S. Bureau of Prisons***, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." ***Holman v. Booker***, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998) (unpublished). In the instant action, Mr. Bahle fails to convince the Court that exhaustion of administrative remedies would be futile based on his argument that the BOP has predetermined the issues he is raising.

Mr. Bahle's specific arguments regarding futility are difficult to understand. In his

reply to Respondent's preliminary response, Mr. Bahle insists that he is not asserting an individual claim seeking a transfer to a CCC or RRC facility but, instead, is challenging BOP policies and procedures that apply to such transfers. As a result, Mr. Bahle contends that the administrative remedy procedure is unnecessary and not relevant to his claims in this action.

If Mr. Bahle is not seeking his own immediate or speedier release from custody based on the manner in which the BOP policies in question have been applied to his individual circumstances, he may not raise his claims in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." ***See Preiser v. Rodriguez***, 411 U.S. 475, 484 (1973). Therefore, Mr. Bahle can challenge the BOP policies and procedures in question in this habeas corpus action only if those policies and procedures somehow impact the length of his custody. Construing the application liberally, the Court finds that Mr. Bahle is challenging the BOP decisions that allegedly have denied him a transfer to a CCC and pre-release placement in an RRC for more than six months.

In support of his futility argument, Mr. Bahle also makes a reference to two BOP memoranda that are attached as exhibits A-2 and A-5 to Respondent's March 17, 2009, response in ***Bassinger v. Wiley***, No. 09-cv-0005-PAB-KLM, a case in which the applicant apparently exhausted BOP administrative remedies before seeking federal court intervention. Both memoranda are addressed to chief executive officers and are signed by two BOP officials, the Assistant Director/General Counsel and the Assistant Director of the Correctional Programs Division. Mr. Bahle apparently believes that both

memoranda support his contention that exhaustion is futile because the BOP has predetermined the issues he is raising.

The first memorandum in No. 09-cv-00005-PAB-KLM, exhibit A-2, is dated April 14, 2008, and relates to pre-release RRC placements following the Second Chance Act of 2007. The April 14 memorandum recognizes that the maximum pre-release RRC placement is twelve months. While the April 14 memorandum also states that "Bureau experience reflects inmates' prerelease RRC needs can usually be accommodated by a placement of six months or less," (***Id.*** at 4) nothing in the April 14 memorandum restricts pre-release RRC placements to a maximum of six months.

The second memorandum in No. 09-cv-00005-PAB-KLM, exhibit A-5, is dated November 14, 2008, and relates to inmate requests for transfer to CCCs, which, according to a footnote in the November 14 memorandum, are synonymous with RRCs. The November 14 "memorandum provides guidance to [BOP] staff for considering and responding to inmate requests for transfer to Residential Reentry Centers (RRCs), when more than 12-months remain from their projected release date" and states that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." (No. 09-cv-00005-PAB-KLM, Preliminary Resp., ex. A-5 at 1.) The November 14 memorandum further states that "inmate requests for RRC placements must receive individualized consideration." (***Id.*** at 1-2.)

Contrary to Mr. Bahle's belief, these two memoranda do not preclude the relief he seeks from the BOP. In fact, these two memoranda actually support Mr. Bahle's arguments that inmates are eligible to be transferred to a CCC at any time and that the maximum length of a pre-release placement in an RRC is twelve months. Mr. Bahle

does not identify any official BOP policies that contradict these two memoranda. Therefore, his argument that it would be futile to exhaust administrative remedies with respect to the claims he is asserting in this action lacks merit. Mr. Bahle may be correct that prison officials at the Florence prison camp in which he is incarcerated categorically are denying CCC placements for inmates with more than twelve months remaining on their sentences and categorically are denying pre-release RRC placements longer than six months. However, this argument does not support a conclusion that exhaustion of administrative remedies would be futile because the BOP administrative remedy procedure provides for two levels of appeal beyond any decision made at the institution level.

For all of these reasons, the Court finds that Mr. Bahle fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the document titled "Notice of Opposition & Protest to the Assignment of This Case to a Magistrate Judge and to Judge Zita L. Weinshienk Due to Prejudice and Bias," which the Court has treated as a motion for recusal, is denied. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that Applicant's "Motion to Certify the Class and for the

Appointment of Counsel" filed on May 27, 2009, is denied as moot.

DATED at Denver, Colorado, this 11 day of Aug., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01219-BNB

Erick R. Bahle
Reg No. 15145-026
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Jamie L. Mendelson
Assistant United State Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk